1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT

8    NORTHERN DISTRICT OF CALIFORNIA

9

10   CLAYTON WISE,                          Case No. 17-cv-05951-JSW

11          Plaintiff,

12      v.                                  **ORDER OF SERVICE**

13   ASHLEY MULLIGAN-PFLIE, et al.,

14          Defendants.

15

16                                **INTRODUCTION**

17          Plaintiff is an inmate at the California Training Facility ("CTF") proceeding pro se who

18   filed this civil rights case under 42 U.S.C. 1983.  He is granted leave to proceed in forma pauperis

19   in a separate order.  For the reasons discussed below, the complaint is ordered served upon

20   defendants.

21                                **DISCUSSION**

22   **A.    STANDARD OF REVIEW**

23          Federal courts must engage in a preliminary screening of cases in which prisoners seek

24   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

26   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

27   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

28   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

1    Cir. 1990).

2           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

4    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

5    which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

6    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

7    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

8    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

9    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

10    *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint

11    must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

12           To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1)

13    that a right secured by the Constitution or laws of the United States was violated, and (2) that the

14    alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

15    487 U.S. 42, 48 (1988).

16    **B.**      **LEGAL CLAIMS**

17           Plaintiff alleges that Defendants, two doctors and the Chief Medical Examiner at CTF,

18    have failed to provide surgery or sufficient pain management for chronic pain in his shoulder. He

19    alleges that an orthopedic surgeon informed him that surgery is medically necessary. When

20    liberally construed, these allegations are sufficient to state a claim for deliberate indifference to

21    Plaintiff's serious medical needs, in violation of his Eighth Amendment rights.

22                          **CONCLUSION**

23           For the reasons set out above, it is hereby ordered as follows:

24           1. The clerk shall issue summons and the United States Marshal shall serve, without

25    prepayment of fees, a copy of the first amended complaint with all attachments thereto, and a copy

26    of this order upon Defendants **Dr. Ashley Mulligan-Pflie, Dr. M. Foster, and Chief Medical**

27    **Executive S. Posson** at the **California Training Facility.** A courtesy copy of the complaint with

28    attachments and this order shall also be mailed to the California Attorney General's Office.

1      2. Defendants **shall** file an answer in accordance with the Federal Rules of Civil

2   Procedure.

3      3. In order to expedite the resolution of this case:

4          a. No later than **91 days** from the date this order is filed, defendants shall file a

5   motion for summary judgment or other dispositive motion.  If defendants are of the opinion that

6   this case cannot be resolved by summary judgment, they shall so inform the court prior to the date

7   the summary judgment motion is due.  All papers filed with the court shall be promptly served on

8   the plaintiff.

9          b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

10   court and served upon defendants no later than **28 days** from the date of service of the motion.

11   Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

12   pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v.*

13   *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

14          c. Defendants **shall** file a reply brief no later than **14 days** after the date of service

15   of the opposition.

16          d. The motion shall be deemed submitted as of the date the reply brief is due.  No

17   hearing will be held on the motion unless the court so orders at a later date.

18          e. Along with his motion, defendants shall file proof that they served plaintiff the

19   *Rand* warning at the same time they served him with their motion.  Failure to do so will result in

20   the summary dismissal of their motion.

21      4. All communications by the plaintiff with the court must be served on defendants, or

22   defendants' counsel once counsel has been designated, by mailing a true copy of the document to

23   defendants or defendants' counsel.

24      5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

25   further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required

26   before the parties may conduct discovery.

27      6. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

28   informed of any change of address and must comply with the court's orders in a timely fashion.

3

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 27, 2017

JEFFREY S. WHITE
United States District Judge

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2       If Defendants move for summary judgment, they are seeking to have your case dismissed.

3   A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

4   granted, end your case.

5       Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6   Generally, summary judgment must be granted when there is no genuine issue of material fact--

7   that is, if there is no real dispute about any fact that would affect the result of your case, the party

8   who asked for summary judgment is entitled to judgment as a matter of law, which will end your

9   case. When a party you are suing makes a motion for summary judgment that is properly

10  supported by declarations (or other sworn testimony), you cannot simply rely on what your

11  complaint says. Instead, you must set out specific facts in declarations, depositions, answers to

12  interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

13  shown in Defendant's declarations and documents and show that there is a genuine issue of

14  material fact for trial. If you do not submit your own evidence in opposition, summary judgment,

15  if appropriate, may be entered against you. If summary judgment is granted, your case will be

16  dismissed and there will be no trial.

17

18

19

20

21

22

23

24

25

26

27

28